# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY DALE WHEELER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21 CV 1145 MTS |
| BRENDA SHORT, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Bradley Dale Wheeler, a pretrial detainee at the Jefferson County Jail, for leave to commence this civil action without prepaying fees or costs. The Court has determined to grant the motion, and will not assess an initial partial filing fee at this time. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, deny without prejudice plaintiff's motion to appoint counsel and his motion seeking injunctive relief, and deny his motion seeking to supplement the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In his motion seeking leave to proceed *in forma pauperis*, plaintiff indicates he has no monthly income, and no money. He submitted an inmate account statement that shows no deposits to his account, and repeated debits for booking fees, medical fees, and other fees. Because it appears plaintiff lacks the means to pay an initial partial filing fee, the Court will not assess one at this time.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Jail Administrator Brenda Short, and Correctional Officer Unknown Brawley. Plaintiff identifies both defendants as employed by the Jefferson County Sheriff's Department, and he sues them in their official and individual capacities.

In the complaint, plaintiff sets forth a long statement containing conclusory allegations concerning a myriad of issues. For example, plaintiff states that Short denied him a clean towel,

3

gave him a used razor, prevented him from practicing his religion, did not let him buy the same things other inmates buy from the canteen, was deliberately indifferent to his medical needs, denied or failed to process his grievances, ignored his complaints about Brawley and other inmates, failed to keep him free from assault by other inmates, and other allegations. Regarding Brawley, plaintiff states he coerced him to assault another inmate, and also had other inmates assault him. Plaintiff offers no specific facts in support.

Attached to the complaint are copies of complaints plaintiff filed at the jail, and Short's responses to them. For example, on July 27, 2021 plaintiff filed a complaint to accuse Short of lying about the availability of towels. Short's July 28, 2021 response indicates that since arriving at the jail on June 24, 2021, plaintiff had filed forty-one complaints containing frivolous claims and personal attacks against her, and he would therefore be limited to filing one complaint per week. After filing the complaint, plaintiff filed a motion seeking to supplement it with additional material. He did not attach a proposed amended complaint to the motion. Plaintiff filed additional supplemental materials as well, including a statement from another inmate, and documents related to an order of protection plaintiff sought against Short in the 23rd Judicial Circuit Court, Jefferson County, Missouri. Plaintiff has also filed a motion seeking injunctive relief.

As relief, plaintiff seeks an award of damages, and an order from this Court terminating the employment of Short and Brawley and ordering them incarcerated in the Jefferson County Jail for one year.

## Discussion

As noted above, the complaint sets forth conclusory allegations concerning a myriad of events. Because of the manner in which plaintiff prepared the complaint, the Court cannot

discern, with any degree of certainty, any plausible claim for relief. The same is true of the supplemental materials that plaintiff has submitted. However, in consideration of plaintiff's *pro se* status, and in consideration of the fact plaintiff has filed a motion indicating his wish to amend the complaint, the Court will give him the chance to file an amended complaint to clearly state his claims for relief.

The amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a **short and plain statement of the facts** that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.*

Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that

defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff should therefore limit the claims in the amended complaint to those involving alleged violations of his rights secured by the Constitution and laws of the United States. Finally, plaintiff is advised he must avoid attempting to amend a complaint by filing separate or supplemental documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not

6

submitted with the motion). If plaintiff continues to file separate or supplementary materials seeking to change any pleading, the Court will not consider them.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, as discussed above, plaintiff has yet to state a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

The Court now turns to plaintiff's "Motion for Injunctive Relief[] Temporary Restraining Order." Doc. [11]. In the motion, plaintiff asks this Court to order him transferred to a different jail because Short is intentionally exposing him to Covid 19, because she had another inmate "assult" [*sic*] him using human waste, and because she allows her staff and other inmates to

7

assault him. Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under Rule 65(b)(1), which governs issuing a temporary restraining order without notice to the adverse party or his attorney.  Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if…specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Here, plaintiff has yet to file a complaint that survives initial review pursuant to 28 U.S.C. § 1915(e)(2).  It therefore cannot be said that specific facts in a verified complaint clearly show he will suffer immediate and irreparable injury, loss or damage before the adverse parties can be heard in opposition.  The instant motion will therefore be denied, without prejudice, and the Court will entertain future such motions, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs Doc. [2] is **GRANTED**. The Court will not assess an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint, Doc. [8], is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunctive Relief[] Temporary Restraining Order," Doc. [11], is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 13th day of December, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE