# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY DALE WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1145 MTS |
| ) | |
| BRENDA SHORT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Bradley Dale Wheeler, a pretrial detainee at the Jefferson County Jail who is proceeding pro se and in forma pauperis. For the reasons discussed below, the Court will dismiss this action at this time, without prejudice, and will deny plaintiff's motion seeking injunctive relief.

## Background

The background of this case is fully set forth in the prior order of this Court, but the Court recites the following essential facts. Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Jefferson County Jail Administrator Brenda Short, and Correctional Officer Unknown Brawley. He sued both defendants in their individual and official capacities. Plaintiff set forth a long statement concerning a myriad of unrelated events that occurred at the jail, including a failure to process his grievances and a failure to protect him from assault by other inmates. Plaintiff sought damages and an order from this Court directing that the defendants be fired from their jobs and incarcerated in the Jefferson County Jail.

Upon initial review, the Court concluded that the complaint was subject to dismissal but gave plaintiff the opportunity to file an amended complaint. In so doing, the Court clearly

explained to plaintiff the reasons why his complaint was subject to dismissal and gave him clear instructions about how to prepare the amended complaint. In so doing, the Court stressed the importance of alleging facts explaining how each defendant was personally involved in or directly responsible for causing harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in a way that excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint against Jail Administrator Brenda Short, and Justin Brawley. He sues both defendants in their official and individual capacities. In setting forth his statement of claim, plaintiff points to three separate incidents that occurred at the jail. He alleges as follows.

On July 20, 2021, plaintiff asked to "file a formal complaint with the proper authoritys [sic] for the assults [sic] and rights violations that occoure [sic] on a day to day basis at the Jefferson County Jail. Grievance #43601." Doc. [16] at 5. Plaintiff claims Short "denied [him] the right to file a complaint because she said I was not descriptive enough." *Id*.

The events giving rise to plaintiff's next claim occurred on September 29, 2021. Plaintiff alleges that "6 days after filing a civil complaint against Justin Brawley he retaliated against me by assulting [sic] me while taking me to the hold and intentionally exposed me to Covid 19." *Id*.

3

The events giving rise to plaintiff's third claim occurred on December 2, 2021. Plaintiff alleges that unidentified persons placed him in a restraint chair and put it near a cell occupied by an inmate plaintiff had identified as his enemy. The inmate then threw feces and urine on plaintiff. Plaintiff writes: "Brenda Short and Justin Brawley were aware of what was going to happen to me before it happened." *Id.* Afterwards, plaintiff was taken to the booking area, where he waited for 30 minutes before being given a shower.

As relief, plaintiff asks to be moved to a jail away from Short. He states he is not seeking monetary relief. Plaintiff has also filed a motion seeking a temporary restraining order against "Brenda Short and her staff and seeking to be moved to a different jail." Doc. [17].

**Discussion**

The amended complaint fails to state a claim as a matter of law against Short or Brawley in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff's allegations establish that Short and Brawley are employed by the Jefferson County Jail, which is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint does not contain non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a claim against the municipality. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). The amended complaint also fails to state a claim upon which relief may be granted against Short or Brawley in their individual capacities. The Court addresses plaintiff's claims in turn.

First, plaintiff claims he tried to file a grievance on July 20, 2021, but Short "denied [him] the right to file a complaint because she said I was not descriptive enough." Doc. [16] at 5.

4

Plaintiff does not allege, with any specificity, that Short disciplined him or retaliated against him for filing or attempting to file the grievance, only that she told him he was not descriptive enough. This allegation is not actionable.

The Eighth Circuit has recognized that reasonable limitations may be placed on an inmate's access to an institutional grievance procedure, just as reasonable limitations are placed on a prisoner's access to the courts after they abuse the judicial process by repeatedly filing frivolous claims. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989). Here, plaintiff's allegations cannot be interpreted as Short's attempt to retaliate against plaintiff for filing grievances or to prevent him from filing grievances at all; only that Short told him his complaint lacked sufficient detail. Plaintiff does not explain, nor is it apparent, how Short's insistence on more detail violated any federally protected right. At most, Short's statement amounts to a reasonable limitation placed on plaintiff's access to the institution's grievance procedure, which does not run afoul of the Constitution. *See id.*

Next, plaintiff claims that on September 29, 2021, Brawley retaliated against him by assaulting him and exposing him to Covid 19. Plaintiff's assertions are the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). The Court previously advised plaintiff that he was required to allege facts showing what each individual defendant did to violate his rights, *see Madewell v. Roberts*, 909 F.2d 1203, 1208

(8th Cir. 1990), and that it would not assume facts plaintiff has not alleged. *Stone*, 364 F.3d at 914.

Finally, plaintiff alleges that unidentified persons put him in a restraint chair near an inmate plaintiff had identified as his enemy, the inmate threw feces and urine on him, and Short and Brawley "were aware of what was going to happen to me before it happened." Doc. [16] at 5. Plaintiff also alleges he had to wait 30 minutes to shower, but he does not allege that Short or Brawley were involved in or somehow responsible for the delay. Under the Due Process Clause of the Fourteenth Amendment, custodians of a pretrial detainee have a duty to take reasonable steps to protect the detainee from assault by other detainees. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). To prevail on this claim, plaintiff must show he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendants were deliberately indifferent to his safety. *Id.* (internal citations omitted).

Here, plaintiff identifies a single assault, and alleges no facts from which the Court can infer that Short or Brawley had the requisite knowledge that the unidentified persons would put plaintiff in the restraint chair as they did, or that an inmate would assault plaintiff. Instead, plaintiff again offers only "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume as true. *See Torti*, 868 F.3d at 671. To the extent plaintiff can be understood to claim Short and/or Brawley are liable to him because they held administrative or supervisory positions, his claims fail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights," *Madewell*, 909 F.2d at 1208, and claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Having given

6

plaintiff's allegations against Short and Brawley the benefit of a liberal construction, the Court concludes that they allege nothing more than a "mere possibility of misconduct," and therefore fail to demonstrate a plausible claim for relief. *Iqbal,* 556 U.S. at 679.

After carefully reading and liberally construing the amended complaint, the Court concludes it is subject to dismissal. This is not a situation in which plaintiff should be allowed to file a second amended complaint, as he did not follow the Court's instructions when previously given the opportunity to amend. The Court will therefore dismiss this case at this time, without prejudice. The Court will also deny plaintiff's motion for injunctive relief, in that plaintiff cannot demonstrate that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunctive Relief[] and Temporary Restraining Order, Doc. [17], is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE